UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYLER J. ORDIWAY,                  :

    Petitioner              : CIVIL ACTION NO. 3:24-0741

v.                                 : (JUDGE MANNION)

                                    :

PA BOARD OF PAROLE,                :

    Respondent

## MEMORANDUM

Petitioner, Tyler J. Ordiway, an inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Ordiway challenges an April 8, 2024 decision by the Pennsylvania Board of Probation and Parole, denying him parole. Petitioner claims the decision violated the Due Process Clause of the Fourteenth Amendment. Id. The filing fee has been paid. Id. The petition has been given preliminary consideration and, for the reasons set forth below, will be dismissed without prejudice. See Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

I.  **Background**

The Pennsylvania Board of Probation and Parole most recently reviewed Petitioner for parole on April 8, 2024, and by Notice of Board Decision of the same date denied Petitioner parole, based on the following:

> As recorded on April 8, 2024, the Board of Probation and Parole rendered the following decision in your case:
>
> Following an interview with you and a review of your file and having considered all matters required pursuant to the Prisons and Parole Code, the Parole Board, in the exercise of its discretion, has determined at this time that: You are denied parole/reparole. The reasons for the Board's decision include the following:
>
> You need to participate in and complete additional institutional programs.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> The nature of your crime.
>
> You are to serve your unexpired maximum sentence, 10/27/2025.
>
> You may file an application for parole/reparole in accordance with 61 PA.C.S. §6139.

(Doc. 1-1, Notice of Board Decision).

On May 2, 2024, Petitioner filed the instant petitioner for writ of habeas corpus in which he claims he was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. (Doc. 1 at 2). Specifically, Petitioner states that "the parole board had not spent enough time reviewing the petition," in that "they had never came to his cell or classroom or groups to see I'm a better person who could have a successful rehabilitation" and "they based their decision solely on a report composed and designed to express the negative things petitions has done in the past. Id. He claims that "the decision made by parole could only be described as arbitrary, egregious or conscious shocking." Id.

## II.   **Standard of Review**

A challenge to the denial of parole is cognizable under 28 U.S.C. §2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under §2254). However, a federal district court may not grant parole or determine parole eligibility. Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of

habeas corpus and order the prisoner discharged from custody." Id.; see also Bridge v. U.S. Parole Comm'n, 981 F.2d 97 (3d Cir. 1992).

## III. Discussion

Petitioner advances the argument that the Parole Board's denial amounted to a violation of his right to due process. (Doc 1).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV §1. It is well settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); Coady v. Vaughn, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

"Since a discretionary decision of the Parole Board denying an inmate early parole does not implicate any constitutionally [or state] protected liberty interest, the scope of federal judicial review of these decisions is necessarily

quite limited." Diehl-Armstrong v. Pa. Bd. of Prob. & Parole, No. 13-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the Court must evaluate whether the Parole Board abused its discretion. In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination. Id. at 236; Bonsall v. Gillis, 372 F. Supp. 2d 805, 807 (M.D. Pa. 2005). "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent'." Hunterson v. DiSabato, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Here, Petitioner has not established that the April 8, 2023, denial of parole amounted to an unreasonable exercise of the Parole Board's discretion. No argument is made by Petitioner that the Parole Board based its decisions to deny him parole on arbitrary or impermissible criteria in violation of his substantive due process rights. Rather, it is apparent from the arguments raised in Petitioner's petition that he merely disagrees with the criteria the Parole Board relied upon to deny him parole. However, this challenge to the Parole Board's administrative decisions to deny Petitioner parole release is unavailing. See 61 Pa. C.S. §6137 (granting the Parole Board vast discretion to refuse or deny parole). The record clearly reflects that the Parole Board based its parole determinations on factors that it is statutorily required to consider in accordance with 61 Pa. C.S. §6135; see McGinnis v. Royster, 410 U.S. 263, 277 (1973) (holding that there is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole"). Under 61 Pa. C.S. §6135, the Parole Board must evaluate, among other factors: (1) the nature and circumstances of the offense, (2) any recommendations made by the trial judge and prosecuting attorney, (3) the general character and background of the inmate, (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature

and circumstances of the offense committed for which sentence was imposed, and (5) the conduct of the person while in prison and his physical, mental and behavioral condition and history and his complete criminal record.

Petitioner has not directed the Court to any factor relied upon by the Parole Board that could be described as conscience shocking or deliberatively indifferent. The fact that the Parole Board consistently relied on a combination of factors to deny Petitioner parole, alone, does not rise to the level of conscience shocking behavior that could give rise to a substantive due process claim. Ralston v. Dep't of Parole Prob., Civ. No. 12-1844, 2015 WL 1542480, at *5 (W.D. Pa. Apr. 7, 2015) (citing Gordon v. Wenerowicz, Civ. No. 10-1257, 2011 WL 5509538, at *4 (M.D. Pa. Nov. 10, 2011)). Therefore, because Petitioner has failed to meet his burden of demonstrating that the Parole Board abused its discretion, the Court will deny the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.

## IV.  Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only

if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA. Thus, the Court will decline to issue a certificate of appealability, as Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V. Conclusion

In accordance with the foregoing, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. 1) will be denied.

A separate Order will be issued.

MALACHY E. MANNION
United States District Judge

DATE: May 15, 2024
24-0741-01